## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WENDY SCHER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**COHEN FASHION OPTICAL, LLC**,<br><br> Defendant. | Case No. 2:25-cv-06071-JMW<br><br><br>**CLASS ACTION** |
| **DENISE AUGENBLICK**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**COHEN FASHION OPTICAL, LLC**,<br><br>Defendant. | Case No. 2:25-cv-06086-OEM-ARL<br><br><br>**CLASS ACTION** |

## PLAINTIFFS MOTION TO CONSOLIDATE CASES AND
## APPOINT INTERIM CO-LEAD COUNSEL

Plaintiffs Wendy Scher and Denise Augenblick (collectively, "Plaintiffs") request that the above matters be related and consolidated and that the first-filed *Scher* action be designated the lead case for these consolidated matters. Further, Plaintiffs also request that the Court appoint Adam M. Harris of Israel David LLC ("Israel David") and Gary Klinger of Milberg, PLLC ("Milberg") as interim co-lead class counsel ("Proposed Interim Co-Lead Counsel") pursuant to Federal Rule of Civil Procedure 23(g).

**ARGUMENT**

**I. CONSOLIDATION IS APPROPRIATE.**

The above two class action complaints have been filed in the U.S. District Court for the Eastern District of New York against Defendant Cohen Fashion Optical, LLC. Both actions seek to hold Defendant responsible for an alleged data breach (the "Data Breach") that compromised Plaintiff and Class Members sensitive personally identifiable information ("PII") and protected health information ("PHI", and collectively "Private Information").

This Court has discretion to consolidate any matters involving common questions of law or fact. Fed. R. Civ. P. 42(a). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). "Consolidation is appropriate in order to serve the interests of 'judicial economy' and 'to avoid unnecessary costs or delay.'" *In re Facebook, Inc., IPO Securities & Derivative Litig.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).

The two cases to be consolidated arise from the same questions of law and fact: they arise from the same event, involving alleged exposure of private information maintained by Defendant, both name the same Defendant, and they assert similar theories of Plaintiffs' and putative Class Members' entitlement to relief. Plaintiffs believe that consolidating the cases will serve the interests of convenience, judicial economy, and cost reductions, and will not risk prejudice to any party. In particular, consolidation will allow for coordinated motion and discovery practice as well as trial proceedings. Counsel for the Defendant does not oppose consolidation.

Plaintiffs request that the above matters be consolidated and that the *Scher* action be designated the lead case for these consolidated matters.

## II.    THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL

Plaintiffs, individually and on behalf of all others similarly situated, hereby move this Court under Federal Rule of Civil Procedure 23(g)(3) for an order appointing: Mr. Harris and Mr. Klinger as PLLC as Proposed Interim Co-Lead Counsel.

Together, the Proposed Interim Co-Lead Counsel represent the combined experience, talents, and resources of recognized and successful data breach attorneys in the United States with a demonstrated commitment to "fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court." *See* Manual for Complex Litigation § 10.21 (4th ed. 2004). Proposed Interim Co-Lead Counsel should be appointed based on their extensive knowledge, experience, and recognition in class action litigation, and, specifically, data breach litigation.

Collectively, Proposed Interim Co-Lead Counsel and their partners have led dozens of data breach class actions, including dozens of class actions in New York and elsewhere. The group includes attorneys who have independently investigated and thoroughly analyzed the merits of the case prior to and since filing their own complaints. Together, Proposed Interim Co-Lead Counsel can readily manage this important litigation and work towards a just, speedy, and efficient resolution in a cooperative manner with all Plaintiffs' counsel as well as defense counsel, as they have done in numerous other cases.

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A), in determining an interim class leadership appointment, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions,

other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In appointing a class action leadership team, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38 (Best Practice 3C) (2d ed. 2018) ("Duke Guidelines").[1] These factors all support Plaintiffs' proposed leadership structure for this consolidated case.

## A.    The Work Counsel Has Done.

Prior to filing their complaints, Proposed Interim Co-Lead Counsel each conducted their own thorough and independent investigation of the data breach that gave rise to this class action. These class actions arise out of a Data Breach that resulted from Defendant's alleged failure to implement reasonable and industry standard data security practices. Counsel's independent complaints lay out the allegations as follows.

Plaintiffs and Class Members entrusted their Private Information to Defendant with the understanding that Defendant would protect this data against disclosure.

As a result of the Data Breach, Plaintiffs and Class Members suffered concrete injuries in fact including, but not limited to: (i) invasion of privacy; (ii) theft of their Private Information; (iii) lost or diminished value of Private Information; (iv) lost time and opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (v) lost benefit

---

[1] Although the Duke Guidelines specifically address multi-district litigation, they are informative in a case such as this one.

of the bargain; (vi) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach; (vii) nominal damages, and (viii) the continued and certainly increased risk to their Private Information, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) remains backed up in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII.

Plaintiffs maintain that the Data Breach was a direct result of Defendant's failure to implement adequate and reasonable cybersecurity procedures and protocols necessary to protect individuals Private Information from a foreseeable and preventable cyberattack. Plaintiffs further allege that Defendant maintained the Private Information entrusted to it in a reckless manner. In particular, the Private Information was maintained on Defendant's computer network and servers in a condition vulnerable to cyberattacks. Upon information and belief, the mechanism of the cyberattack and potential for improper disclosure of Plaintiffs' and Class Members' Private Information was a known risk to Defendant, and thus, Defendant was on notice that failing to take steps necessary to secure the Private Information from those risks left that property in a dangerous condition.

B.      Counsel's Experience and Knowledge

Proposed Interim Co-Lead Counsel have proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues critical to this case. Proposed Interim Co-Lead Counsel will work well together (important to a cohesive, effective team), but they are also willing to reach out to and incorporate others to utilize their talents where needed. Most importantly, the Proposed Interim Co-Lead Counsel have unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims and

deep expertise in New York law. Defendant joins in Plaintiffs' request for consolidation and take no position regarding the appointment of Proposed Interim Co-Lead Counsel.

### 1. Gary Klinger of Milberg, PLLC

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Located in Chicago, Illinois, Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[2] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[3] Law360 recently highlighted Mr. Klinger's work in the privacy space.[4]

He has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g.*, *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Isaiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JCE (C.D. Cal) (where Mr. Klinger was appointed co-lead counsel in a data breach that impacted 17 million consumers). Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space. *See, e.g.*, *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022)

---

[2] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.
[3]*See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006; https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.
[4] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

(Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *Flores v. Aon Corp.*, 2023 IL App. (1st) (230140) (where Mr. Klinger obtained reversal of a dismissal with prejudice in a data breach class action); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 U.S. Dist. LEXIS 123355 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

Over the past 3 years, Mr. Klinger has settled on a class wide basis more than 100 class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include: *Parris, et al., v. Meta Platforms, Inc.*, No.2023LA000672 (18th Cir. DuPage Cnty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Boone v. Snap, Inc.*, No. 2022LA000708 (18th Cir. DuPage Cnty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); *In re: East Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million in a complex class action).[5]

Mr. Klinger also has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts

---

[5] Mr. Klinger has also successfully litigated privacy class actions through class certification. *See, e.g.*, *Sewall v. Home Partners Holdings LLC*, No. A23-1662, Minn. App. LEXIS 2 (Ct. App. Jan. 2, 2024) (denying interlocutory review to an order granting class certification to a class of lessees in a landlord-tenant dispute); *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 U.S. Dist. LEXIS 105259 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).

and settlements. Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[6] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing.

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.[7]

Mr. Klinger's experience and knowledge are further demonstrated in the Milberg's firm resume, attached hereto as **Exhibit A**.

### 2. Adam M. Harris of Israel David LLC

Adam M. Harris has nearly 20 years of experience representing plaintiffs and defendants in a broad range of complex cases, including securities class actions, shareholder derivative lawsuits, complex business litigation, and corporate governance disputes. He has successfully litigated numerous high-stakes lawsuits at the trial court and appellate levels in federal and state courts throughout the United States, and in domestic and international arbitration proceedings. Mr. Harris has earned national acclaim as a dynamic courtroom advocate and a thoughtful, creative

---

[6] *See* https://milberg.com/precedent-setting-decisions/page/3/.
[7] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45–46 (2d ed. 2018), https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

strategist. Mr. Harris is frequently sought out for his deep experience and thought leadership in complex commercial litigation, securities litigation and class action litigation. Mr. Harris is a prolific author and commentator on litigation issues.

Prior to joining Israel David LLC as Managing Partner, Mr. Harris was a partner from 2019 to 2023 at the elite international law firm Ropes & Gray LLP and was an associate and then counsel at that firm from 2016 to 2019. Previously, Mr. Harris was an associate at the elite international law firm Fried, Frank, Harris, Shriver & Jacobson LLP from 2007 through 2015.

Among his class action representations are:

- Counsel for the putative class in a data privacy action filed in the U.S. District Court for the Southern District of New York against DeepIntent Technologies, alleging that the defendant engaged in extensive tracking of consumers' healthcare-related online behaviors without their consent. *Cavalier v. DeepIntent Technologies, Inc.* (25-cv-08949-RA).

- Counsel for the putative class in the high-profile antitrust class action lawsuit in the U.S. District Court for the Eastern District of New York challenging the so-called Northeast Alliance entered into by American Airlines and JetBlue Airlines. *In re American Airlines/JetBlue Antitrust Litigation* (22-cv-07374-AMD-CHK).

- Counsel to TG Therapeutics and several of its officers in a putative class action in the U.S. District Court for the Southern District of New York concerning disclosures regarding the prospects for certain oncological drugs developed by TG.

- Counsel for the underwriter defendants, including Morgan Stanley, JPMorgan, and Credit Suisse, in federal securities litigation in the U.S. District Court for the Eastern District of New York concerning the IPO of China-based retailer Yunji.

- Counsel for Stemline Therapeutics and its officers and directors in a putative class action in the U.S. District Court for the Southern District of New York arising from Stemline's alleged failure to disclose adverse events in a clinical drug trial that occurred just prior to a public offering of securities.

- Counsel to Osmotica Pharmaceuticals and its officers and directors in a putative class action in New Jersey state court, in which plaintiffs allege Osmotica failed to disclose an alleged decline in pricing of one of its generic drug products at the time of its IPO.

- Counsel to the independent directors of ChinaCast Education Corporation in a putative securities class action in the U.S. District Court for the Central District of California arising from a scheme by ChinaCast's former CEO and CFO to loot ChinaCast of cash and other assets.

- Counsel to CIT Group Inc., its Board of Directors, and several of its senior-most officers in securities litigation in the U.S. District Court for the Southern District of New York relating to CIT's subprime mortgage and student lending businesses.

Mr. Harris' experience and knowledge are further demonstrated in Israel David's firm resume, attached hereto as **Exhibit B**.

### 3.     Counsel's Resources

The substantial resources that Proposed Interim Co-Lead Counsel have already committed and will continue to commit to the case also strongly supports the appointment of Proposed Interim Co-Lead Counsel. As demonstrated above, Proposed Interim Co-Lead Counsel and their firms' resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases, which will benefit Plaintiffs and the putative class. Proposed Interim Co-Lead Counsel's ability to draw from this well-developed repository of information will allow them to streamline the litigation.

Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the putative class. Proposed Interim Co-Lead Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the county. In fact, Proposed Interim Co-Lead Counsel have already demonstrated their commitment to this litigation by devoting substantial resources and coordinating among themselves to file this leadership proposal and motion to consolidate. And, as their firm resumes and counsels' experience indicate, Proposed Interim Co-Lead Counsel have the resources and capacity to see this litigation through its conclusion, including trial.

If appointed as interim counsel, Proposed Interim Co-Lead Counsel will continue to commit the same resources and effort to this case as they have committed to other successful class action litigations and are equally committed to working cooperatively and efficiently for the benefit of the class.

## CONCLUSION

The Court should consolidate these cases under the first filed *Scher* action. In light of the extensive experience of Proposed Interim Co-Lead Counsel's attorneys in prosecuting class actions and the resources they can and will devote to the effective litigation of this case on behalf of the class, the Court should appoint Mr. Harris and Mr. Klinger as Interim Co-Lead Class Counsel for these proposed consolidated actions. The Court should also allow for the filing of a Consolidated Complaint thirty (30) days after the order consolidating the actions and appointing Interim Co-Lead Class Counsel. A proposed order is attached hereto.

Dated: October 31, 2025

Respectfully Submitted,

 */s/ Adam M. Harris*
Adam M. Harris
adam.harris@davidllc.com
Israel David
israel.david@davidllc.com
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, New York 10004
Telephone: (212) 350-8850

Mark A. Cianci (*pro hac vice* forthcoming)
mark.cianci@davidllc.com
**ISRAEL DAVID LLC**
399 Boylston Street, Floor 6, Suite 23
Boston, MA 02116
Telephone: (617) 295-7771

Gary M. Klinger (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, a true and correct copy of the foregoing was

filed via the Court's electronic filing system, which served electronic notice of the same on all

counsel of record.

*/s/ Adam M Harris*