UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

WENDY SCHER, individually and on behalf
of all others similarly situated,

                *Plaintiff*,

   -against-

COHEN FASHION OPTICAL, LLC,

               *Defendant.*

-------------------------------------------------------------------X

FILED
CLERK

1/9/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM
AND ORDER**

25-cv-06071 (JMW)

**A P P E A R A N C E S:**

    Adam M. Harris
    Israel David
    **Israel David LLC**
    60 Broad Street, Suite 2900
    New York, New York 10004

    Mark A. Cianci
    **Israel David LLC**
    399 Boylston Street, Floor 6, Suite 23
    Boston, MA 02116

    Gary M. Klinger
    **Milberg, PLLC**
    227 W. Monroe Street, Suite 2100
    Chicago, IL 60606

    Mark K. Svensson
    **Milberg, PLLC**
    405 East 50th Street
    New York, New York 10022

Courtney Maccarone
**Kopelowitz Ostrow P.A.**
1 W Las Olas Blvd, Suite 500
Ft. Lauderdale, FL 33301
Kenneth J. Grunfeld (pro hac vice forthcoming)
**Kopelowitz Ostrow P.A.**
65 Overhill Rd Bala
Cynwyd, PA 19004

Mark S. Reich
Melissa G. Meyer
**Levi & Korsinsky, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004

    -and-

Leanna A. Loginov
Andrew Shamis
**Shamis & Gentile, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
*Attorneys for Plaintiffs and the Proposed Class*

*No appearance by Defendants*

**WICKS,** Magistrate Judge:

    A class action has been brought seeking damages and injunctive relief for Defendant's alleged failure to safeguard personally identifiable information of its former and current customers stemming from a cyberattack. (*See generally* ECF No. 1.) Because of this data breach, four other cases[1] were commenced and for purposes of judicial economy, all five Plaintiffs and Defendant seek consolidation to deem the instant action as the lead case. (ECF No. 15.) In

---

[1] The four other related cases are: *Augenblick v. Cohen Fashion Optical, LLC* ("*Augenblick*"), No. 2:25-cv-06086 (OEM)(ARL); *Hall v. Cohen Fashion Optical, LLC* ("*Hall*"), No. 2:25-cv-06147 (LGD); *Aiello v. Cohen Fashion Optical, LLC* ("*Aiello*"), No. 2:25-cv-06209 (SJB)(SIL); and *Sanchez v. Cohen Fashion Optical, LLC* ("*Sanchez*"),  No. 2:25-cv-06261 (SIL).

addition, an application to appoint interim class counsel is before the Court, which Defendant takes no position on. (*Id.*) For the reasons that follow, the unopposed Motion to Consolidate Cases and Appoint Interim Class Counsel (ECF No. 15) is **GRANTED**.

## **LEGAL FRAMEWORK**

Pursuant to Fed. R. Civ. P. 42(a), Courts may consolidate multiple actions. *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.") "The Second Circuit has interpreted this rule broadly, stating that Rule 42 gives district courts 'broad discretion to determine whether consolidation is appropriate.'" *Stewart v. Prac. Res., LLC*, No. 22-CV-0905 (LEK)(DJS), 2022 WL 17155996, at *2 (N.D.N.Y. Nov. 22, 2022) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Judicial economy is to be considered while determining if consolidation is appropriate as well as a fair trial. *Id.*

In addition, Fed. R. Civ. P. 23 governs class actions and the associated tasks therein such as appointing interim class counsel. Indeed, a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "The Advisory Committee Notes to Rule 23(g)(2)(a) explain that the rule 'authorizes the court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class.'" *Mogull v. Pete & Gerry's Organics, LLC*, No. 21 CV 3521 (VB), 2022 WL 4661454, at *1 (S.D.N.Y. Sept. 30, 2022). Appointment is a discretionary matter. *See id.* Courts are encouraged to appoint interim counsel to safeguard the potential class members and when there are "a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated." *Sullivan v.*

3

*Barclays PLC*, No. 13-CV-2811 (PKC), 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013) (internal citations omitted).

> A court considering the appointment of interim lead class counsel should consider the same factors that a court appointing lead counsel for a certified class must consider, including the candidates' qualifications and competence, their ability to fairly represent diverse interests, and their attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court. Also appropriate for consideration is anything else that is pertinent to counsel's ability to fairly and adequately represent the interests of the class, including (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel. Ultimately, the court's task in deciding these motions is to protect the interests of the plaintiffs, not their lawyers.

*In re Parking Heaters Memorandum Antitrust Litig.*, 310 F.R.D. 54, 57 (E.D.N.Y. 2015) (internal citations and quotations omitted).

With this legal framework, the Court analyzes the instant application.

## DISCUSSION

Plaintiffs Wendy Scher, Denise Augenblick, Malcolm Hall, Laura Aiello and Efren Sanchez, seek an Order (i) consolidating cases *Augenblick*, *Hall*, *Aiello*, and *Sanchez*, into this matter pursuant to Fed. R. Civ. P. 42(a) and (ii) appointing Gary Klinger of Milberg, PLLC and Adam M. Harris of Israel David LLC as Interim Co-Lead Class Counsel in the consolidated action pursuant to Fed. R. Civ. P. 23(g)(3). (ECF No. 15.) Both consolidation and appointment of interim counsel are appropriate in this case and the accompanying four actions. There are overlapping issues, which when consolidated will avoid different or inconsistent outcomes in what may be a long and complex data breach class action, as further discussed below. Moreover, since the applications made before the Court seek non-dispositive relief, the Court proceeds by Order rather than Report and Recommendation.[2]

---

[2] "The issue [of consolidation] implicates nondispositive relief." *McChesney v. Hogan*, No. 08-CV-1186 (NAM)(DE), 2009 WL 607398, at *2 (N.D.N.Y. Mar. 9, 2009); *Wilson v. Gen. Mills, Inc.*, No. 08-CV-

I.      **Consolidation**

As an initial matter, the four above-captioned cases are "sufficiently related to justify consolidation, in the interest of justice and to avoid overlap and undue expense." *McChesney*, 2009 WL 607398, at *2. All five cases (the four to be consolidated and the instant matter) allege that as a result of Defendant's data breach, the Plaintiffs' personally identifiable information and protected health information was implicated. (ECF No. 15-1 at 3.) "The Second Circuit has interpreted Rule 42 as a 'valuable and important tool of judicial administration ... invoked to expedite trial and eliminate unnecessary repetition and confusion.'" *Brown v. Whitley*, No. 21-CV-2933 (AMD)(CLP), 2022 WL 21781441, at *8 (E.D.N.Y. Oct. 4, 2022), *report and recommendation adopted*, No. 21-CV-2933 (AMD)(CLP), 2022 WL 21781418 (E.D.N.Y. Dec. 1, 2022) (internal citations omitted).

"In determining whether consolidation is appropriate, the court must consider whether 'judicial economy favor(s) consolidation. This consideration, however, 'must yield to a paramount concern for a fair and impartial trial.'" *Toussie v. Cnty. of Suffolk*, No. CV 01-CV-6716 (JS)(ARL), 2007 WL 1490463, at *1 (E.D.N.Y. May 21, 2007) (quoting *In re Olsten Corp. Securities Litig.,* 3 F.Supp.2d 286, 292 (E.D.N.Y.1998)). Notably, all parties consent to this application, forming the basis that no party would be prejudiced through consolidation. (ECF No. 15-1 at 3, n.1, 6.) Additionally, consolidation would assist in ensuring a coordinated discovery

---

00597(JJM), 2009 WL 10681447, at *1 (W.D.N.Y. July 6, 2009) (same); *In re Synergy Pharms. Inc. Sec. Litig.*, No. 18-CV-873 (AMD)(VMS), 2020 WL 5763830, at *2 (E.D.N.Y. Sept. 28, 2020) (same); *see also Steiner v. UiPath, Inc.*, No. 24-CV-04702 (JPC) (SDA), 2024 WL 4054373, at *1 n.2 (S.D.N.Y. Sept. 5, 2024) (collecting cases) (internal citations omitted) ("An order appointing lead plaintiff and approving lead counsel qualifies as a nondispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure, allowing this Court to issue a written order (i.e., a Memorandum and Order) rather than a recommended disposition (i.e., a Report and Recommendation).").

schedule and avoid inconsistent rulings. Nor is there any indication that consolidating the cases would result in an unfair trial.

Accordingly, the Motion to Consolidate is granted and the instant action is deemed as the lead case.

## II. Appointment of Interim Counsel

"When deciding a motion to appoint interim class counsel, a court must first find that such an appointment is necessary." *Shiloah v. GEICO Indem. Co.*, No. 24-CV-06447 (EAW)(CDH), 2025 WL 2314761, at *2 (W.D.N.Y. Aug. 12, 2025) (citing *Melville v. HOP Energy, LLC*, No. 21-CV-10406, 2024 WL 2240280, at *2 (S.D.N.Y. May 17, 2024)). Courts generally find it is necessary to do so when there is overlap between cases, multiple attorneys or consolidation has occurred. *See Sullivan*, 2013 WL 2933480, at *1. "In such cases, interim class counsel 'may be helpful in clarifying responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Est. of Sherlip v. Morgan Stanley*, No. 24-CV-4571 (VEC), 2025 WL 2097872, at *2 (S.D.N.Y. July 25, 2025) (quoting *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 271–72 (S.D.N.Y. 2009)).

Courts must look at the factors listed in Rule 23(g) when appointing an interim class counsel. Those are,

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

6

Fed. R. Civ. P. 23(g)(1)(A); *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. at 272 (outlining the above factors and discussing other factors a court may consider).

"Class counsel must fairly and adequately represent the interests of the class." *See* Fed. R. Civ. P. 23(g)(4). "Appointing lead counsel helps to promote efficiency and avoid unruly proceedings." *In re Parking Heaters Memorandum Antitrust Litig.*, 310 F.R.D. at 56. As such, the Court reviews the application to determine whether the proposed interim co-lead counsel meets that standard.

Plaintiffs seek to have Gary M. Klinger ("Mr. Klinger") of Milberg, PLLC and Adam M. Harris ("Mr. Harris" and together, "Proposed Interim Co-Counsel") of Israel David LLC be appointed as interim co-lead class counsel. (ECF No. 15-1 at 2, 4.) Upon review of instant application, the Court finds that Mr. Klinger and Mr. Harris meet the four required factors and appointment would allow for "effective case management." *Bitzko v. Weltman, Weinberg, & Reis Co., LPA*, No. 17-CV-458 (BKS)(DJS), 2018 WL 10593815, at *1 (N.D.N.Y. May 18, 2018) (granting the motion for interim class counsel).

*First*, Proposed Interim Co-Counsel have individually conducted investigations prior to commencing the action of the data breach, which led to the allegations at issue. (*Id.* at 4-5.) *Second and third*, Proposed Interim Co-Counsel's experience is vast. Indeed, Proposed Interim Co-Counsel have "unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims." (*Id.* at 6.) "Each appears to have deep knowledge not only of class action law and procedure, but also of substantive … law." *See In re: Int. Rate Swaps Antitrust Litig.*, No. 16-MC-2704 (PAE), 2016 WL 4131846, at *3 (S.D.N.Y. Aug. 3, 2016).

Mr. Klinger is the Chair of the Cybersecurity and Data Privacy Practice Group at Milberg, PLLC, has been awarded as well as recognized for the work he has done in this area,

and has settled over 100 class actions dealing with data breaches in the last three years. (*Id.* at 7-8.) Milberg, PLLC "is a leader in the fields of cyber security, data breach litigation, and biometric data collection, litigating on behalf of clients - both large and small - to change data security practices so that large corporations respect and safeguard consumers' personal data." (*See* ECF No. 15-2 at 5.) Mr. Harris has almost twenty years of experience representing parties in complex cases and is known for his experience in class action litigations. (ECF No. 15-1 at 9.) Mr. Harris has represented class members in the past and recently in similar matters as here. (*Id.* at 10.) The firm of Israel David LLC also has attorneys who "have a deep reservoir of litigation experience prosecuting class action lawsuits arising out of abusive online and data privacy practices." (ECF No. 15-3 at 2.) Thus, together Proposed Interim Co-Counsel are highly experienced senior attorneys who understand the potential complexities of the five cases. *See Delre v. Perry*, 288 F.R.D. 241, 247 (E.D.N.Y. 2012) (finding that interim counsel possessed the requisite knowledge and experience to handle the class action claims); *see also Melville*, 2024 WL 2240280, at *2 ("judges in this District routinely appoint interim class counsel even if they represent multiple classes against the same defendant").

*Fourth*, Proposed Interim Co-Counsel assert that they have already committed substantial resources and will continue to do so. (ECF No. 15-1 at 11.) The firms of Israel David LLC and Milberg, PLLC as demonstrated through their resumes, have the ability and capacity to oversee such class actions. (*See* ECF Nos. 15-2, 15-3.) Consideration of the above leads to the conclusion that the interests of the putative class members will be protected.

Accordingly, Mr. Klinger and Mr. Harris are appointed as Interim Co-Lead Counsel. *See Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (upon review of the factors, granting appointment of interim counsel).

**CONCLUSION**

For the foregoing reasons, the unopposed Motion to Consolidate Cases and Appoint Interim Class Counsel (ECF No. 15) is **GRANTED**, the lead case is *Scher v. Cohen Fashion Optical, LLC*, No. 25-CV-06071(JMW) (E.D.N.Y.), and all future filings shall be made in the lead case. **IT IS FURTHER ORDERED** that the Motion is **GRANTED** as set forth below:

1. The following cases are hereby consolidated:

   A. *Scher v. Cohen Fashion Optical, LLC*, No. 2:25-cv-06071-JMW (filed on October 30, 2025)

   B. *Augenblick v. Cohen Fashion Optical, LLC*, No. 2:25-cv-06086-OEM-ARL (filed on October 30, 2025)

   C. *Hall v. Cohen Fashion Optical, LLC*, No. 2:25-cv-06147-LGD (filed on November 4, 2025)

   D. *Aiello v. Cohen Fashion Optical, LLC*, No. 2:25-cv-06209-SJB-SIL (filed on November 6, 2025)

   E. *Sanchez v. Cohen Fashion Optical, LLC*, No. 2:25-cv-06261-SIL (filed on November 10, 2025)

(collectively, the "Related Actions") under the new title: "In Re: Cohen Fashion Optical Data Incident Litigation" pursuant to Fed. R. Civ. P. 42(a) (the "Consolidated Action").

2. The Clerk of Court is respectfully directed to administratively close the *Augenblick*, *Hall*, *Aiello*, and *Sanchez* actions. The Clerk of Court is further respectfully directed to transfer all documents already docketed in the Related Actions into the Consolidated Action.

3. All papers filed in the Consolidated Action shall be filed under the lead case number 2:25-cv-06071-JMW, the number assigned to the first-filed case, *Scher*, and shall bear the following caption:

| | |
|---|---|
| *In Re:* Cohen Fashion Optical Data Incident Litigation | Master File No.: 2:25-cv-06071-JMW |

4. The case file for the Consolidated Action will be maintained under Master File No. 2:25-cv-06071-JMW.

5. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

6. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Gary Klinger of Milberg, PLLC and Adam M. Harris of Israel David LLC as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the putative Class Members in the Consolidated Action, with the responsibilities set forth below:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);

- Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

- Prepare and distribute periodic status reports to the parties;
- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

- Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and

- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

7.   Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Class Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

8.   Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

9.   Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

10. Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within thirty (30) days of this Order. Defendant need not respond to any of the initial complaints filed in the Related Actions. Defendant shall respond to the Consolidated Class Action Complaint within thirty (30) days of the filing of the Consolidated Class Action Complaint.

11. This Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in the Consolidated Action.

Dated: Central Islip, New York
January 9, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge